## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| | * |
| **SEASONS PIZZA FRANCHISOR, INC.** | * |
| **Plaintiff,** | * |
| **v.** | *          **Case No. WDQ-15-739** |
| **4 SEASONS PIZZA AND SUBS, INC.** | * |
| **Defendant.** | * |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## <u>REPORT AND RECOMMENDATION</u>

The above-referenced case was referred to the undersigned for review of Plaintiff's motion for default judgment and to make recommendations concerning damages, pursuant to 28 U.S.C. § 636 and Local Rules 301 and 302.  (ECF No. 12.)  Currently pending is Plaintiff's Motion for Entry of Default Judgment ("Motion").[1]  (ECF No. 15.)  Defendant has not filed any response to Plaintiff's motion.[2]  No hearing is deemed necessary.  <u>See</u> Fed. R. Civ. P. 55(b)(2); Loc. R. 105.6.  For the reasons discussed herein, I respectfully recommend that Plaintiff's Motion (ECF No. 15) be GRANTED and that relief be awarded as set forth herein.

---

[1] In what appears to be a procedural error, Plaintiff has also filed two substantially similar "Motions for Default Judgment" seeking the same relief.  (ECF No. 7, ECF No. 13.)  In light of the present Report and Recommendation, Plaintiff's prior motions (ECF No. 7, ECF No. 13) should be denied as moot.

[2] Defendant corporation's only submissions to this Court were returned for non-compliance with Local Rule 101, which requires that corporate defendants be represented by counsel.  Loc. R. 101.1(a).  (<u>See</u> ECF No. 5, ECF No. 6, ECF No. 11, ECF No. 16.)

## I.     STANDARD FOR ENTRY OF DEFAULT JUDGMENT

In reviewing a motion for default judgment, the Court accepts as true the well-pleaded factual allegations in the complaint as to liability.  Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780-81 (4th Cir. 2001).  It remains for the Court, however, to determine whether these unchallenged factual allegations constitute a legitimate cause of action.  Id.  If the Court determines that liability is established, the Court must then determine the appropriate amount of damages.  Id.  The Court does not accept factual allegations regarding damages as true, but rather must make an independent determination regarding such allegations.  See, e.g., Credit Lyonnais Secs. (USA), Inc. v. Alcantara, 183 F.3d 151, 154-155 (2d Cir. 1999).  The Court may make a determination of damages without a hearing, so long as there is adequate evidence in the record, such as detailed affidavits or documentary evidence, for the award.  See, e.g., Adkins v. Teseo, 180 F. Supp. 2d 15, 17 (D.D.C. 2001).

## II.     DISCUSSION

### A.  Factual Background

Plaintiff Seasons Pizza Franchisor, Inc. ("Plaintiff") is a corporation organized under the laws of the State of Delaware.  (ECF No. 1 at ¶ 2.)  Plaintiff has been the registered trademark holder of the "SEASONS PIZZA" (Registration Certificate No. 3,221,231) and "SEASONS PIZZA PASTA WINGS" (Registration Certificate No. 4,579,244) marks since March 27, 2007 and August 5, 2014, respectively.  (ECF No. 1-3, 1-4.)  Plaintiff's corporate affiliates operate restaurants in Maryland, Delaware, New Jersey, and Pennsylvania, including two locations in Anne Arundel County, Maryland.  (ECF No. 1 at ¶ 2.)  The corporate affiliates and six other restaurants licensed by Plaintiff trade under the SEASONS PIZZA mark.  (Id.)  The restaurants

serve, <u>inter alia</u>, pizza, strombolis, calzones, pasta, salads, sandwiches, and chicken wings for eat-in, take-out, and delivery.  (<u>Id</u>. at ¶ 7)

Defendant 4 Seasons Pizza and Subs Inc. is a corporation organized under the laws of Maryland, with its principal place of business at 2219 Defense Highway, Crofton, Maryland 21114.  (ECF No. 1 at ¶ 4.)  Defendant's corporate directors are Hafid Laaboudi and Tarik Essanarhi.  (ECF No. 1-5.)  Defendant operates a restaurant which trades under the name "4 Seasons Pizza and Subs."  The restaurant serves, <u>inter alia</u>, pizza, subs, sandwiches, and chicken wings for eat-in, take-out, and delivery.  (ECF No. 1 at ¶ 18.)

Plaintiff's Complaint was filed on March 16, 2015 (ECF No. 1.), and Defendant was served with process on March 29, 2015.  Plaintiff alleges that Defendant's use of the "4 Seasons Pizza and Subs" name constitutes both trademark infringement and unfair competition, and that Defendant's actions are likely to cause and have caused confusion among consumers and vendors regarding the source of goods provided by both Plaintiff and Defendant.  (<u>Id</u>. at ¶ 25.) Defendant failed to respond to the Complaint, and Plaintiff moved for an Entry of Default on June 29, 2015.  (ECF No. 9.)  On June 30, 2015, the Clerk of Court entered an Order of Default. (ECF No. 10.)  Plaintiff asserts upon information and belief that Defendant's business continues to operate and to use the allegedly infringing mark.  (ECF No. 15, ¶ 6.)  Plaintiff filed the pending motion on September 4, 2015.  (ECF No. 15.)  During the course of the proceedings, the corporate Defendant has filed four <u>pro se</u> responses, all of which this Court returned for noncompliance with Local Rule 101.[3]

---

[3] Defendant's arguments in its defective submissions may be summarized as follows: the corporation could not afford legal representation; its use of the name "4 Seasons Pizza and Subs" is considerably different from and does not infringe on Plaintiff's mark; the Defendant corporation "no longer exist[s]."  (ECF No. 5-1.)

**B.  Defendant's Liability**

I have reviewed Plaintiff's Complaint (ECF No. 1), and find that Plaintiff has stated causes of action based on trademark infringement and unfair competition theories.  "The standards for asserting Lanham Act claims for trademark infringement and unfair competition based on the inappropriate use of a mark are largely the same."  Potomac Conference Corp. of Seventh-day Adventists v. Takoma Acad. Alumni Ass'n, Inc., 2 F. Supp. 3d 758, 768 (D. Md. 2014).  To prevail on either type of claim, Plaintiff must show:

> (1) that it possesses a mark; (2) that the defendant used the mark; (3) that the defendant's use of the mark occurred 'in commerce'; (4) that the defendant used the mark 'in connection with the sale, offering for sale, distribution, or advertising' of goods or services; and (5) that the defendant used the mark in a manner likely to confuse consumers.

Id. (quoting People for the Ethical Treatment of Animals v. Doughney, 263 F.3d 359, 364 (4th Cir. 2001)).

A certificate of registration issued by the U.S. Patent and Trademark Office ("USPTO") serves as "prima facie evidence of: (1) the validity of the mark and its registration; (2) the registrant's mark; and (3) the registrant's "exclusive right" to use the mark on or in connection with the goods and services specified in the certificate of registration."  Potomac, 2 F. Supp. 3d at 768-69.  A trademark holder's right to use the mark becomes incontestable after five years of continuous use from the date of registration.  15 U.S.C. § 1065.

This Court considers several factors when evaluating the likelihood that a defendant's mark will confuse consumers.  These factors include:

> (1) the strength or distinctiveness of the plaintiff's mark as actually used in the marketplace; (2) the similarity of the two marks to consumers; (3) the similarity of the goods or services that the marks identify; (4) the similarity of the facilities used by the markholders; (5) the similarity of advertising used by the markholders; (6) the defendant's intent; (7) actual confusion; (8) the quality of the defendant's product; and (9) the sophistication of the consuming public."

George & Co. LLC v. Imagination Entm't Ltd., 575 F.3d 383, 393 (4th Cir. 2009).  See also

Pizzeria Uno Corp. v. Temple, 747 F.2d 1522, 1527 (4th Cir. 1984); Sara Lee Corp. v. Kayser–

Roth Corp., 81 F.3d 455, 463–64 (4th Cir. 1996).  These factors do not constitute a rigid formula,

but serve as a "catalog of various considerations that may be relevant in determining the ultimate

statutory question of likelihood of confusion."  George & Co., 575 F.3d at 393 (4th Cir. 2009)

(quoting Anheuser–Busch, Inc. v. L & L Wings, Inc., 962 F.2d 316, 320 (4th Cir. 1992)).

      Accepting as true Plaintiff's well-pleaded factual allegations, I find that Plaintiff has

proven: (1) its ownership of a valid and incontestable mark, "SEASONS PIZZA" (ECF No. 1-3);

(2) Defendant's use of an imitation of that mark (3) in commerce, (4) in connection with the sale

and advertising of Defendant's goods, and (5) in a manner likely to confuse consumers (ECF No.

1, ¶¶ 18-19).  Specifically, the likelihood of confusion is demonstrated by the Affidavit of Saad

Tigoudar, which states: "I spoke to customers who have telephoned Plaintiff's Linthicum

Heights, Maryland location stating that Plaintiff's website does not provide the contact

information for Plaintiff's 'new location' in Crofton, Maryland, under the mistaken belief that

Defendant's restaurant was related to Plaintiff."  (ECF No. 15-6, ¶ 19.)  Moreover, the fact that

Mr. Essanarhi, one of Defendant's corporate directors, was formerly employed by Plaintiff,

suggests that Defendant may have intended to cause—and profit from—this confusion.  (ECF

No. 1 at ¶¶ 14-15.)  Thus, Plaintiff has asserted factual allegations that constitute a legitimate

cause of action against Defendant for trademark infringement and unfair competition under the

Lanham Act, and entry of default judgment is proper.

### C. **Damages**

      Having determined that Plaintiff has proven liability, the undersigned now undertakes an

independent determination of the damages to which Plaintiff is entitled.  Here, Plaintiff seeks a

permanent injunction against Defendant, "as well as its agents, officers, directors, employees, successors, representatives and assigns, and all others in privity or acting in concert with them, from using the Infringing Marks and Domain Name, as well as any other mark or commercial designation which is confusingly similar to the SEASONS PIZZA mark, and from otherwise infringing the distinctive quality of the SEASONS PIZZA mark."  (ECF No. 1 at 6.)[4]

Plaintiff seeks injunctive relief from Defendant's wrongful conduct.  "A district court has authority under the Lanham Act to grant injunctive relief to prevent further violations of a plaintiff's trademark rights." O.C. Seacrets, Inc. v. Caribbean Secrets LLC, No. CIV. WDQ-12-1395, 2012 WL 4076166, at *5 (D. Md. Sept. 10, 2012) (quoting Innovative Value Corp. v. Bluestone Financial, LLC, No. DKC-2009–0111, 2009 WL 3348231, at *2 (D. Md. Oct. 15, 2009)). See 15 U.S.C. § 1116.  Permanent injunctive relief is appropriate when the Plaintiff shows: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006).

Here, Plaintiff's well-pleaded Complaint alleges irreparable harm caused by Defendant's infringement of the SEASONS PIZZA mark.  "The irreparable harm to a plaintiff trademark owner arising from the conduct of an infringer is, enormous, immediate, and presumed in law." Fairbanks Capital Corp. v. Kenney, 303 F. Supp. 2d 583, 590 (D. Md. 2003).  Thus, the first requirement for injunctive relief is satisfied.  Second, as Defendant has refused to properly participate in the litigation and has continued to use the infringing name and domain name

---

[4] Although Plaintiff's Complaint also seeks monetary damages, attorney's fees, and costs, Plaintiff has not sought such relief in its Motion.  Accordingly, I do not recommend an award of damages, attorney's fees, or costs.

notwithstanding Defendant's knowledge of the pending lawsuit, injunctive relief is necessary to address the injury caused to Plaintiff. Third, the finding of liability in this case dictates that Defendant "has no right to operate such a similarly-named business and to hold itself out, through name, signage, or otherwise, as affiliated with [Plaintiff]." O.C. Seacrets, Inc., 2012 WL 4076166, at *6. As a result, the balance of hardship between the parties warrants injunctive relief. Finally, the public interest is well served by the granting of an injunction, which would prevent the ongoing confusion which Plaintiff's suit targets.

Plaintiff's motion seeks an injunction against Defendant, "as well as its agents, officers, directors, employees, successors, representatives and assigns, and all others in privity or acting in concert with them, from using the Infringing Marks and Domain Name, as well as any other mark or commercial designation which is confusingly similar to the SEASONS PIZZA mark, and from otherwise infringing the distinctive quality of the SEASONS PIZZA mark." (ECF No. 1 at 6.) While I recommend that the injunction be issued against Defendant, its agents, officers, directors, and employees, I am not prepared to recommend that an injunction be issued against Defendant's successors and "all others in privity or acting in concert with them." (Id.) As the Court accepts as true the well-pleaded factual allegations in the complaint in ruling on a Motion for Default Judgment, I do not believe that there has been a sufficient airing of the merits of Plaintiff's case such that non-parties to this suit should be bound by this default judgment.

In sum, I recommend that Defendant, its agents, officers, directors, and employees be enjoined from using (1) the name "4 Seasons Pizza and Subs" and (2) the domain name "http://www.4seasonspizzaandsubs.com/," or (3) any other mark or commercial designation which is confusingly similar to the SEASONS PIZZA mark.

III.     <u>**CONCLUSION**</u>

For the foregoing reasons, I respectfully recommend that:

1.   The Court grant Plaintiff's Motion for Entry of Default Judgment (ECF No. 15);

2.   The Court enter judgment in favor of Plaintiff; and

3.   The Court grant Plaintiff's Request for a Permanent Injunction against Defendant as described above;

4.   The Court deny as moot Plaintiff's prior Motions for Default Judgment (ECF No. 7, ECF No. 13).

I also direct the Clerk to mail a copy of this Report and Recommendation to Defendant at the address listed on plaintiff's Complaint.  (ECF No. 1.)

Any objections to this Report and Recommendation must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b.


Date:   September 24, 2015                    _____/s/_____

                                              Beth P. Gesner
                                              United States Magistrate Judge