IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

```
                                  *
SEASONS PIZZA FRANCHISOR, INC.,
                                  *
      Plaintiff,
                                  *
      v.                               CIVIL NO.: WDQ-15-739
                                  *
4 SEASONS PIZZA AND SUBS, INC.,   *
      Defendant.                  *
```

*    *    *    *    *    *    *    *    *    *    *    *    *

MEMORANDUM OPINION

Seasons Pizza Franchisor, Inc. ("Seasons Pizza") sued 4 Seasons Pizza and Subs, Inc. ("4 Seasons") for Lanham Act trademark infringement and unfair competition.[1]  ECF No. 1. Pending is Seasons Pizza's objection to Magistrate Judge Beth P. Gesner's Report and Recommendation ("R&R").  No hearing is necessary.  Local Rule 105.6 (D. Md. 2014).  For the following reasons, the Court will adopt the R&R.

I.   Background

Seasons Pizza is a Delaware corporation. ECF No. 1 ¶ 2. Seasons Pizza has been the registered trademark holder of the "SEASONS PIZZA" (Registration Certificate No. 3,221,231) and "SEASONS PIZZA PASTA WINGS" (Registration Certificate No. 4,579,244) marks since March 27, 2007 and August 5, 2014,

---

[1] *See* 15 U.S.C. § 1121, *et seq*. (2012).

respectively. ECF Nos. 1-3, 1-4.  Seasons Pizza's corporate affiliates operate restaurants in Maryland, Delaware, New Jersey, and Pennsylvania, including two locations in Anne Arundel County, Maryland. ECF No. 1 ¶ 2.  The corporate affiliates and six other restaurants licensed by Seasons Pizza trade under the SEASONS PIZZA mark.  *Id.*  The restaurants serve, *inter alia*, pizza, stromboli, calzones, pasta, salads, sandwiches, and chicken wings for eat-in, take-out, and delivery.  *Id.* ¶ 7.

4 Seasons is a Maryland corporation with its principal place of business at 2219 Defense Highway, Crofton, Maryland 21114.  *Id.* ¶ 4.  When the complaint was filed, 4 Seasons's corporate directors were Hafid Laaboudi and Tarik Essanarhi.[2] ECF No. 1-5.  4 Seasons operates a restaurant which trades under the name "4 Seasons Pizza and Subs."  The restaurant serves, *inter alia*, pizza, subs, sandwiches, and chicken wings for eat-in, take-out, and delivery.  ECF No. 1 ¶ 18.

---

[2] At some time before June 1, 2015, 4 Seasons was apparently sold to Junaid Ashrat.  ECF No. 18-1 at 2 (June 9, 2015 email from Kellen Hamill, L.E.H.S., Anne Arundel County Dept. of Health, stating that 4 Seasons changed ownership on June 1, 2015, and Ashrat is the sole owner and food service facility license holder).

On March 16, 2015, Seasons Pizza sued 4 Seasons for trademark infringement and unfair competition.  ECF No. 1.[3]  4 Seasons failed to respond;[4] thus, on June 25, 2015, Seasons Pizza moved for default judgment.  ECF No. 7.  On June 29, 2015, Seasons Pizza moved for the entry of default; on June 30, 2015, the Clerk of the Court entered default for Seasons Pizza.  ECF Nos. 9, 10.

On July 15, 2015, this Court referred Seasons Pizza's motion for default judgment to Judge Gesner for an R&R.  ECF No. 12.  On July 25 and September 9, 2015, Seasons Pizza again moved for default judgment.  ECF Nos. 13, 15.

On September 24, 2015, Judge Gesner issued an R&R.  ECF No. 17.[5]  On October 8, 2015, Seasons Pizza objected to the R&R.  ECF No. 18.

------

[3] Seasons Pizza seeks unspecified damages and a permanent injunction against 4 Seasons, and "its agents, officers, directors, employees, successors, representatives and assigns, and all others in privity or acting in concert with them, from using the Infringing Marks and Domain Name, as well as any other mark or commercial designation which is confusingly similar to the SEASONS PIZZA mark, and from otherwise infringing the distinctive quality of the SEASONS PIZZA mark."  ECF No. 1 at 6.

[4] 4 Seasons's filings were returned for non-compliance with Local Rule 101, which requires that corporate defendants be represented by counsel.  *See* Local Rule 101.1(a) (D. Md. 2014); ECF Nos. 5, 6, 11, 16.

[5] Judge Gesner issued her R&R in connection with Seasons Pizza's September 9, 2015 motion for default judgment, ECF No. 15.  *See* ECF No. 17 at 8.  Pursuant to the R&R, this Court will grant the

II.   Analysis

    A.   Standard of Review

Under the Magistrate Judges Act, 28 U.S.C. § 636, a district judge may designate a magistrate judge to conduct hearings (if necessary) and report proposed findings of fact and recommendations for action on a dispositive motion.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); *see also* Local Rule 301.5(b) (D. Md. 2011).

A party aggrieved by a magistrate judge's R&R about a dispositive motion must file "specific written objections to the proposed findings and recommendations" within 14 days.  Fed. R. Civ. P. 72(b)(2).  The reviewing judge "shall make a *de novo* determination of those portions of the [magistrate judge's] report . . . to which objection is made."  28 U.S.C. § 636(b)(1)(C).  The judge "may accept, reject, or modify, in whole or in part, the findings or recommendations," and "may also receive further evidence or recommit the matter to the magistrate judge with instructions."  *Id*.

    B.   Judge Gesner's Recommendations

Judge Gesner made several findings in connection with 4 Seasons's liability and the damages to which Seasons Pizza is owed.  ECF No. 17 at 4-7.  First, Judge Gesner found that

---

September 9 motion, and deny as moot the two earlier motions. *See id*.

4

Seasons Pizza had adequately alleged trademark infringement and unfair competition claims; thus, the entry of default judgment was proper. *Id.* at 4-5.[6]  Second, because Seasons Pizza's motion for default judgment had not sought monetary damages, or attorney fees and costs, Judge Genser did not recommend an award of those damages. *Id.* at 6 n.4.  Finally, Judge Gesner found that Seasons Pizza was entitled to a permanent injunction. *Id.* at 6-7.[7]  However, Judge Gesner limited the injunction to 4 Seasons and "its agents, officers, directors, and employees."

---

[6] The Lanham Act "protect[s] persons engaged in such commerce against unfair competition." 15 U.S.C. § 1127.  To prevail on Lanham Act claims for trademark infringement and unfair competition, a plaintiff must show:

> (1) that it possesses a mark; (2) that the defendant used the mark; (3) that the defendant's use of the mark occurred 'in commerce'; (4) that the defendant used the mark 'in connection with the sale, offering for sale, distribution, or advertising' of goods or services; and (5) that the defendant used the mark in a manner likely to confuse consumers.

*Potomac Conference Corp. of Seventh-day Adventists v. Takoma Acad. Alumni Ass'n, Inc.*, 2 F. Supp. 3d 758, 768 (D. Md. 2014). Judge Gesner found that all five elements were present.  ECF No. 17 at 5.

[7] A permanent injunction may be entered when a plaintiff shows that:

> (1) [] it has suffered an irreparable injury; (2) [] remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) [] considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) [] the public interest would not be disserved by a permanent injunction.

*eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). Judge Gesner found all four elements were present.  ECF No. 17 at 7.

*Id.* at 7.   Judge Gesner declined to extend the injunction to 4 Seasons's "successors and 'all others in privity or acting in concert with them,'" because there had not been "a sufficient airing of the merits of [Seasons Pizza's] case such that non-parties to this suit should be bound by this default judgment." *Id.*[8]

C.   Seasons Pizza's Objection

Seasons Pizza objects to the portion of Judge Gesner's R&R excluding successors and assigns.   ECF No. 18 at 1.   Because 4 Seasons has been sold, Seasons Pizza argues that the injunction "will effectively be a nullity" if it "[does] not enjoin the current owner and operator."   *Id.* at 2.   Seasons Pizza further argues that extending the scope of the injunction is appropriate because it has "sufficiently demonstrated" trademark infringement and unfair competition claims against the new owner.   *Id.* at 3.

---

[8] Judge Gesner did not mention 4 Seasons's "assigns" in her recommendation on the scope of the injunction.   However, her rationale for excluding "successors" applies equally to "assigns," who are not parties to this suit.   Accordingly, the Court will construe the R&R as excluding assigns from the scope of the injunction.   In full, Judge Gesner recommended that the Court grant Seasons Pizza's request for an injunction as follows:

> [4 Seasons], its agents, officers, directors, and employees [are] enjoined from using (1) the name "4 Seasons Pizza and Subs[,]" (2) the domain name "http://www.4seasonspizzaandsubs.com/," [and] (3) any other mark or commercial designation which is confusingly similar to the SEASONS PIZZA mark.

ECF No. 17 at 7.

Seasons Pizza relies on a single sentence in *Putt-Putt, LLC v. 416 Constant Friendship, LLC*, 936 F. Supp. 2d 648, 655 (D. Md. 2013) ("[A]ny disputes with respect to the ownership of the property or operation of the business located at 416 Constant Friendship Boulevard do not alter the outcome of this case, as Putt-Putt substantiates its burden once it shows that 416 CF has used its mark without its authorization, and that such use has resulted in a likelihood of confusion"). *See* ECF No. 3.  In that case, the defendant had argued that summary judgment on the plaintiff's Lanham Act claims was improper because it did not own the business alleged to have infringed on the plaintiff's trademarks. *Putt-Putt*. 936 F. Supp. 2d at 655.  The Hon. Alexander Williams, Jr., rejected the defendant's assertion because the evidence demonstrated otherwise. *Id*. *Putt-Putt* did not address the scope of any subsequent injunction, and, unlike this case, was resolved at the summary judgment--not default judgment--stage. *See id*. at 660 (ordering the parties to brief the nature of injunctive relief).  Thus, there had been a fuller "airing of the merits of [the plaintiff's] case." *Cf*. ECF No. 17 at 7.

Under Federal Rule of Civil Procedure 65(d), an injunction generally "binds *only the following* who receive actual notice of it by personal service or otherwise: [] the parties; [] the parties' officers, agents, servants, employees, and attorneys;

and [] other persons who are in active concert or participation with [the aforementioned persons]." Fed. R. Civ. P. 65(d) (emphasis added); *see also Equal Employment Opportunity Comm'n v. Int'l Longshoremen's Ass'n*, 541 F.2d 1062, 1063-64 (4th Cir. 1976). "Action as an alter ego, or in collusion, is required to find concert or participation under [R]ule 65(d)." *Thaxton v. Vaughan*, 321 F.2d 474, 478 (4th Cir. 1963).

Although lower courts within the Fourth Circuit have issued injunctions binding successors and assigns following the entry of default judgment,[9] there was no evidence that, in those cases, the defendants' interests had been assigned or otherwise passed on to other persons or entities before the injunction issued.

Here, however, Seasons Pizza had notice in June 2015 that 4 Seasons had been sold to Ashrat. *See* ECF No. 18-1. Yet, Seasons Pizza did not join Ashrat as a defendant. *See* Fed. R. Civ. P. 19(a) ("A person . . . must be joined as a party if . . . that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . as a practical matter impair or impede the person's ability to protect the interest."). Nor is there evidence that Ashrat--either before or after buying 4

---

[9] *See, e.g., Int'l Bottled Water Ass'n v. Eco Canteen, Inc.*, No. 3:09-CV-299-RJC-DCS, 2010 WL 3719313, at *8 (W.D.N.C. Sept. 17, 2010); *Masterfile Corp. v. Dev. Partners, Inc.*, No. 1:10-CV-00134-AJT, 2010 WL 3603598, at *1 (E.D. Va. Sept. 7, 2010).

Seasons--was informed about the suit and given an opportunity to intervene.  *See* Fed. R. Civ. P. 24(a) ("On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property . . . that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.").  Thus, the Court will not expand the scope of the injunction to the extent Seasons Pizza suggests. Accordingly, its objection will be overruled.

III. Conclusion

For the reasons stated above, Seasons Pizza's objection will be overruled; Judge Gesner's R&R will be adopted.  Seasons Pizza's September 9, 2015 motion for default judgment will be granted; its earlier motions for default judgment will be denied as moot.  Seasons Pizza's request for a permanent injunction will be granted in part.


_____                          _____
12/21/15
Date                                    William D. Quarles, Jr.
                                        United States District Judge